UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

SCOTT R. FRANK,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

Case No. 6:14:-cv-1434-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

*Introduction*

Before the court is Scott Frank's ("Frank") unopposed Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"). Although Frank is the claimant in this case, the real party in interest to this motion is his attorney, Richard McGinty ("McGinty"). The Commissioner does not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[]." *Gisbrecht v.*

Page 1 - OPINION AND ORDER

*Barnhart*, 535 U.S. 789, 798 (2002). Having reviewed the proceedings below and the amount of fees sought, the court concludes McGinty is entitled to fees under Section 406(b) in the amount of $18,378.19.

## *Procedural Background*

Frank filed an application for Disability Insurance Benefits ("Benefits") on November 14, 2011, alleging an onset date of November 11, 2011. His applications were denied initially and on reconsideration. On May 15, 2013, an Administrative Law Judge ("ALJ") issued an opinion in which he found Frank not disabled and, therefore, not entitled to Benefits. That decision became the final decision of the Commissioner when the Appeals Council denied Frank's request for review.

Frank sought review of the Commissioner's decision by filing a complaint in this court on September 4, 2014. Frank alleged the ALJ erred in five respects: (1) failing to find Frank meets or equals Listing 4.02; (2) erroneously discrediting Frank's testimony; (3) erroneously discrediting the lay witness testimony; (4) improperly evaluating his functional abilities under the New York Heart Association's rating system; and (5) failing to incorporate all of his limitations into the RFC. On October 19, 2015, this court issued an Opinion and Order finding the ALJ improperly rejected Frank's testimony and the lay witness evidence, and formulated an incomplete RFC (the "O&O"). Concluding that further proceedings were required to reassess Frank's credibility, further develop the extent of his limitations, and procure guidance from a VE, the court reversed and remanded the ALJ's decision to the Agency.

On January 7, 2016, the court granted the parties' stipulated motion for EAJA fees in the amount of $5,009.11. On November 2, 2016, Frank filed the instant motion for attorney fees in the amount of $27,026.75 under Section 406(b). The Commissioner does not oppose the motion.

*Discussion*

The parties do not dispute Frank is the prevailing party in this matter. Additionally, the Commissioner does not challenge the amount McGinty requests as attorney fees. Nonetheless, because the Commissioner does not have a direct stake in the allocation of Frank's attorney fees, the court must ensure the calculation of fees is reasonable to prevent McGinty from potentially receiving a windfall. *See Gisbrecht*, 535 U.S. at 798 n.6 ("We also note that the Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question.").

After entering a judgment in favor of a Social Security claimant represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A) (2015). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, No. CV 07-1645-AC, 2009 WL 6067058, at *7 (D. Or. Dec. 23, 2009)(quoting *Gisbrecht*, 535 U.S. at 807 n.17), *adopted* 2010 WL 1029809 (March 17, 2010). A Section 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Dunnigan*, 2009 WL 6067058, at *7. Accordingly, when a court approves both an EAJA fee and a Section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

I. Fee Agreement.

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee

Page 3 - OPINION AND ORDER

agreement to determine whether it is within the statutory twenty-five percent cap. Frank and McGinty executed a contingent-fee agreement, which provided if McGinty obtained payment of past-due benefits, Frank would pay him up to twenty-five percent of the past-due benefits awarded. (Mot. for Approval of Attorney Fees Pursuant to 42 U.S.C. §406(b), ECF No. 26 ("Pl.'s Mot."), Ex. 1.) The terms of this agreement are thus within the statute's limits.

The next step is to confirm that the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to Frank. McGinty provided a document from the Society Security Administration (the "Administration") entitled "Notice of Award," which details the retroactive benefits due Frank and states it has withheld $27,026.75 in reserve to pay any attorney fees awarded by the court, which represents twenty-five percent of the past due benefits. (Pl.'s Mot. Ex. 3, at 2.) McGinty seeks the full amount withheld by the Administration for attorney fees. After determining the fee agreement and the amount requested are in accordance with the statutory limits, this court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10.

II. Reasonableness Factors.

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Dunnigan*, 2009 WL 6067058, at *12. If obtaining benefits always supported awarding fees for the maximum amount provided for by statue, the other *Gisbrecht* factors and the trial courts' assigned task of "'making reasonableness determinations in a wide variety of contexts'" would be unnecessary. *Id.* (quoting *Gisbrecht*, 535 U.S. at 808). Here, McGinty seeks twenty-five percent of the past due benefits, the full

Page 4 - OPINION AND ORDER

amount of the statutory cap.

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id.* at 793, 807. The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808). The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit from the *Gisbrecht* analysis as: (1) the character of the representation, specifically, whether the representation was substandard; (2) the results the attorney achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter the attorney would receive an unwarranted windfall. *Crawford*, 586 F.3d at 1151-53 (citations omitted). The Ninth Circuit, in *Crawford*, also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a Section 406(b) award. It focused the risk inquiry, however, stating that: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." 586 F.3d at 1153.

A. *The Character of Representation.*

Substandard performance by a legal representative may warrant a reduction in a Section 406(b) fee award. *Crawford*, 586 F.3d at 1151. The record in this case provides no basis for a reduction in the requested Section 406(b) fee due to the character of McGinty's representation. In fact, McGinty prevailed on three of his five arguments.

Page 5 - OPINION AND ORDER

## B. Results Achieved.

The court ordered a remand of Frank's claim, which was the result he asked for in his briefing. This was the best result available, and thus does not weigh against McGinty's requested award.

## C. Undue Delays.

A court may reduce a Section 406(b) award for delays in proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. The reduction is appropriate "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (citation omitted).

Here, Frank requested a 42-day extension to file his opening brief, which request the court granted thus allowing Frank to file his opening brief on June 8, 2015. The Commissioner timely filed its response brief on August 10, 2015, and Frank chose to not file a reply brief. The court issued its O&O on October 19, 2015. Taking into account Frank's single extension of time, the time to resolve this case did not exceeded the normal range for Social Security cases. Accordingly, a reduction of McGinty's fee request is unwarranted under this factor.

## D. Proportionality.

Finally, a district court may reduce a Section 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

In this case, McGinty filed an eleven-page brief asserting five errors by the ALJ. The errors McGinty identified were common to Social Security cases. McGinty argued the case should be remanded

Page 6 - OPINION AND ORDER

to the Commissioner for further proceedings, and did not file a reply brief. He obtained the requested result on behalf of Frank, ultimately leading to an award of retroactive benefits (based on the amount withheld by the Administration for attorney fees) of approximately $108,107.00. McGinty reports, and the time records confirm, he expended slightly more than twenty-six hours representing Frank in this matter. This time expenditure is within the twenty-to-forty-hour range Judge Mosman found to be a "reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007).

McGinty currently seeks $27,026.75 in attorney fees for his representation of Frank before this court, which results in an effectively hourly rate of $1,023.74.[1] This hourly rate is excessive and is not justified by the minimal briefing McGinty undertook to obtain a positive result for his client. Thus, a reduction of the requested fee is warranted under this factor.

Here, the court finds an award of $18,378.19, or 17 percent of Frank's retroactive benefits, is warranted under the circumstances, because it is proportional to the apparent effort expended in achieving the award. A 17 percent award results in an effective hourly rate of $696.14. This reduction from McGinty's requested 25 percent award represents approximately a one-third reduction in the requested fees, which reduction the court finds commensurate with the commonplace nature of the arguments raised in briefing, and the decision to not file a reply brief.

*E. Risk.*

McGinty discusses the substantial risk of nonpayment and the significant delay in payment

---

[1] While McGinty avers that the hourly rate requested is $606.73, he apparently fails to employ the correct denominator in calculating his hourly rate. (ECF No. 27, at 2.)

Page 7 - OPINION AND ORDER

undertaken by Social Security practitioners. He does not, however, describe any risks unique to this case, which is the risk factor the Ninth Circuit in *Crawford* made clear the district courts are to consider. Thus, the court rejects McGinty's argument that he should receive a higher fee award here to compensate him for the other cases in which he receives no award, because his argument is contrary to *Crawford's* directive. Turning to the risk specific to this case, the court finds that this case presented a risk no greater than that presented by the great majority of Social Security cases in this district. Thus, some reduction of the requested fee is warranted. An award of 17 percent of Frank's retroactive benefits adequately compensates McGinty for the ordinary risk undertaken in this case. Having considered all of the reasonableness factors, the court therefore finds an award of $18,378.19 is warranted under the circumstances of this case.

*Conclusion*

For the reasons stated, Frank's Motion for Approval of Attorney Fees Pursuant 42 U.S.C. § 406(b) (ECF No. 24) is GRANTED in PART, and the court finds McGinty is entitled to $18,378.19 in attorney fees. Because he was previously awarded $5,009.11 in fees under the EAJA, and $6,000 at the administrative level, McGinty's award is offset by those amounts and he is therefore awarded $7,369.08.

IT IS SO ORDERED.

DATED this 9th day of November, 2016.

JOHN V. ACOSTA
United States Magistrate Judge

Page 8 - OPINION AND ORDER